IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50005
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                         versus

LEONEL CRUZ-BARCENA,

                                        Defendant-Appellant.
_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. DR-99-CR-615-3
_____
July 13, 2000

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Leonel Cruz-Barcena was arrested while driving a truck
carrying illegal aliens across the Texas border.  He reached a plea
agreement with prosecutors that waived his right to appeal.  At
sentencing, defense counsel moved for a three-level reduction under
the sentencing guidelines, alleging that the offense was committed
for reasons other than profit.  The district court denied the
motion, but later made statements suggesting that the court

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

believed appeal was still available. Neither side reminded the district court of the plea agreement. Cruz-Barcena now appeals.

I

Border agents arrested Cruz-Barcena, an illegal alien, as he was driving a pickup truck carrying 16 other illegal aliens. Two of the aliens stated they were to pay $1,200 for their transportation from Mexico to Fort Worth, Texas. The agents also questioned Cruz-Barcena, who told them that he had arranged to drive the smuggling vehicle rather than pay the smuggling fee.

The prosecutors and Cruz-Barcena negotiated a standard plea agreement, which Cruz-Barcena signed on September 29, 1999. Cruz-Barcena pled guilty to willful transportation of illegal aliens under 8 U.S.C. § 1324(a)(1)(A)(ii) & (B)(I). As part of the agreement, he specifically waived his right to appeal his sentence.

During the sentencing hearing on December 17, 1999, Cruz-Barcena's lawyer moved for a three-level sentence reduction under U.S.S.G. § 2L1.1(b)(1), which provides for such a reduction when the offense was committed for a reason other than profit. He presented no evidence on this point, however. Though the district court denied the motion, the judge did say, "I encourage the defendant's counsel to appeal so that this question may be thoroughly thrashed out in the Fifth Circuit." Neither party reminded the judge about Cruz-Barcena's waiver.

The court then proceeded to allocution. At that point, Cruz-Barcena asserted that he had believed he was going to need to pay for being smuggled once he arrived in Fort Worth. Though Cruz-Barcena was not subject to cross-examination on this testimony, which contradicted his earlier statements to the agents, the district court issued a finding of fact that Cruz-Barcena had not had a profit motive in driving the truck.

Cruz-Barcena then filed an appeal.

II

A

The question before us is whether the statements by the district court that suggested that Cruz-Barcena had a right to appeal effectively voided the provision in the plea agreement waiving his right to appeal, on grounds that the courtroom colloquy misled Cruz-Barcena and thereby rendered the waiver uninformed. We review whether such a waiver in a plea agreement is voluntary and informed de novo. United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).

(B)

Melancon involved a situation analogous to the one before us: a defendant who signed a plea agreement waiving his right to appeal, but who then sought to appeal after the district court misspoke at later proceedings suggesting that appeal was available.

3

In that case, we held that these misstatements, made several months after the signature of the plea agreement, could not render that earlier agreement unknowing.

Like the defendant in <u>Melancon</u>, Cruz-Barcena signed the plea agreement several months before the district court's misstatement. Thus, the district court's mistake did not affect Cruz-Barcena's earlier decision to sign the plea agreement and to waive his right to appeal. That waiver was therefore informed.

III

For the reasons stated herein, Cruz-Barcena's appeal is

D I S M I S S E D.